# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

## OPINIONS
### No. 411
### MILJENOVIC v. DILL
Ohio Appeals, 9th Dist., Cuyahoga County
No. 4335. April 26, 1923

This opinion has not been published except in Abstract.

ERROR—(1) Judgment not contrary to evidence—(2) General exception to charge of court does not raise question of error as to omission to charge.

Middleton, P. J., Mauch and Sayre, JJ. 4th District, sitting.

SAYRE, J.:

### Epitomized Opinion

Error to Cuyahoga Common Pleas; judgment affirmed

In an action for personal injury suffered by Dill when she was struck by defendant's automobile, which was being driven across the sidewalk near defendant's home, plaintiff recovered, and defendant prosecutes error, alleging that the verdict is against the weight of the evidence and that the court failed to charge at sufficient length. Held by Court of Appeals in affirming judgment:

1. The judgment is not manifestly against the weight of the evidence and will not be reversed on that ground.

2. A general exception to a charge of the court does not raise any question of error as to the omission of the court to give further correct instructions. State v. McCoy, 88 O. S. 447.

Attorneys—W. H. Boyd, Frank C. Friend and E. W. Waite, for Miljenovic; Day & Day and Wm. J. Shaver, for Dill.

### No. 412
### FERGUSON v. PORTER
Ohio Appeals, 9th Dist., Cuyahoga County
No. 4453. April 26, 1923

This opinion has not been published except in Abstract.

APPEAL—(1) Equity will not inquire into matters of law unless fraud is present—(2) Fraud for which equity will interfere with judicial decree must consist of extrinsic acts.

MIDDLETON, P. J.:

Middleton, P. J., Mauck and Sayre, JJ., 4th District, sitting.

Appeal from Cuyahoga Common Pleas; petition dismissed

Ferguson instituted proceedings to restrain Porter from collecting a certain judgment rendered in Municipal Court against her and one Temkin, the petition alleging errors of law as well as fraud on the part of Porter. It is claimed that Porter produced false evidence in connection with the original trial and also that Ferguson was induced to abandon her rights of appeal and prosecution of error, by the promise of Porter that he would not attempt to collect the judgment from her, but would collect it from Temkin. There is no clear proof that false evidence was adduced nor does it appear very clearly what agreement was entered into between the parties. Held by the Court of Appeals in dismissing the petition:

1. Errors of law which may have intervened in the trial of a case in Municipal Court may not be inquired into by a court of equity in a proceeding to restrain the successful party in that suit from collecting his judgment, except in the case of fraud.

2. We regard the doctrine of Michael v. National Bank, 84 O. S. 370, as peculiarly applicable to this case. It was held there that "The fraud or undue advantage for which a court of equity will set aside a judgment or decree, must consist of extrinsic acts outside of and collateral to the matter actually tried by the first court and not related to the matter concerning which the judgment was rendered."

Attorneys—George D. Hile, for Ferguson; A. R. Edgerton, for Porter.

### No. 413
### OSCAR FENNER v. STATE
Ohio Appeals, 4th Dist., Pike County
No. 49. Decided April 17, 1923

This opinion has not been published except in Abstract.

GAME LAWS—(1) Meaning of hunter's license as used in Sec. 1431 of Ohio Statutes—(2) Right to pursue and kill animals injurious to property—(3) Pursuing and killing fur-bearing animal on land of another.

FUNK, P. J.:

### Epitomized Opinion

Fenner was arrested on an affidavit of a deputy game protector before a J. P. in Pike County, Ohio. The affidavit charged that the accused shot a fox without first procuring a hunter's license. The evidence disclosed that Fenner had lost several lambs and chickens, which had been carried off by foxes. Various other neighbors had also lost chickens in the same manner. Fenner finally discovered a fox den on an adjoining farm owned by Jones. Jones not only authorized Fenner to kill the foxes for him, but also offered to pay Fenner for killing these destructive animals. Fenner and others dynamited the den, and the accused killed two foxes. The foxes were left lying on Jones' land. The accused was tried and convicted in the J. P. Court, and judgment was affirmed by the Court of Common Pleas. Fenner then prosecuted error to the Court of Appeals. In reversing the lower courts, this court held:

1. A hunter's license, as required by Sec. 1431, is intended to apply only to one who hunts in the usual and ordinary acceptance of the meaning of hunting as contemplated by a hunter's license, and which is ordinarily and usually understood to mean one who hunts for sport, pleasure or profit, and that the legislature did not intend that one should be required to purchase a hunter's license before he could pursue and kill a fur-bearing animal that was injuring property or had become a nuisance.

2. Under Sec. 1308 of Ohio, a person can pursue and kill, at any time, except Sunday, fur-bearing animals which are injuring his property, or which have become a nuisance.

3. Even if by reason of Secs. 1431 and 1437, a person could kill fur-bearing animals because they are injuring his property or have become a nuisance only upon his land, the defendant is not guilty as charged because the evidence clearly showed that he was acting for the owner at his special instance and request.

Attorneys—S. D. McLaughlin, for Fenner; Geo. D. Nye, for State.