DECISION AND JUDGMENT ENTRY
{¶ 1} Joey Monteith appeals his conviction in the Portsmouth Municipal Court for taking a deer during the 2002 archery season with an illegal firearm and for taking a deer during the closed season, both violations of R.C. 1531.02. Monteith contends that the trial court erred in refusing to instruct the jury that a property owner may hunt on his own land without a license. Because Monteith was not charged with hunting without a license, but rather with hunting out of season, the requested instruction was not relevant, and the trial court did not err in refusing to give it. Monteith also contends that the trial court erred in refusing to instruct the jury that a property owner may pursue and kill a fur-bearing animal that is injuring his property. Because an affirmative defense to killing a deer out of season exists only for property owners who obtain a permit to kill damaging deer, and because Monteith did not present any evidence that he sought or obtained such a permit, the requested instruction was not relevant, and therefore the trial court did not err in refusing to give it. Accordingly, we overrule Monteith's assignment of error and affirm the judgment of the trial court.
 I. {¶ 2} On October 22, 2002, Monteith used a .410 shotgun to kill a deer on his property in Scioto County, Ohio. On October 29, 2002, Travis Abele, an officer with the Ohio Department of Natural Resources, Division of Wildlife, observed Monteith shining the headlights of his vehicle on several deer. Officer Abele suspected Monteith was engaged in jacklighting, an illegal hunting practice comprised of shining artificial light across an area for the purpose of locating a wild animal.
 {¶ 3} During his encounter with Officer Abele, Monteith told Officer Abele about the deer he shot the week before. Monteith stated that he killed the deer because it was rubbing against his pear trees and destroying them. Officer Abele stated that Monteith never contacted him to apply for a deer damage permit. Officer Abele further testified that the 2002 gun season for deer ended long before October 22, 2002, and that the 2002 archery season for deer was in effect on October 22, 2002.
 {¶ 4} The State charged Monteith with one count of taking a deer during the 2002 archery season with an illegal firearm and one count of taking a deer during closed season, both violations of R.C. 1531.02. The state also charged him with one count of jacklighting, a violation of R.C. 1533.161.
 {¶ 5} Monteith pled not guilty to all charges. A jury heard the evidence and returned guilty verdicts on the two counts regarding taking the deer, but a not guilty verdict on the jacklighting charge. Monteith appeals, asserting the following assignment of error: "The trial court erred when it failed to give the proposed jury instruction that the owner of lands in the state may hunt on the lands without a hunting license and may pursue and kill a fur bearing animals (sic) that was injuring his property or had become a nuisance."
 I. {¶ 6} Monteith alleges that the trial court erred when it failed to give the jury instructions he proposed. A trial court has broad discretion in instructing the jury. Jenkins v. Clark (1982),7 Ohio App.3d 93, 100. The court ordinarily should give a requested jury instruction if is a correct statement of law, which is applicable to the facts in the case, and reasonable minds might reach the conclusion sought by the specific instruction. Murphy v. Carrollton Mfg. Co. (1991),61 Ohio St.3d 585, 591.
 {¶ 7} The proper standard of review for an appellate court is whether the trial court's refusal to give a requested jury instruction constituted an abuse of discretion under the facts and circumstances of the case. State v. Wolons (1989), 44 Ohio St.3d 64, 68. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 8} Monteith asserts that the trial court abused its discretion by not instructing the jury that a landowner may kill upon his own lands without a hunting license. Monteith relies upon Fenner v. State (1923), 1 Ohio Law Abs. 407, for this statement of law. Monteith contends that the requested instruction is a correct statement of law, that it is applicable to the facts of his case, and that the jury may have reached the conclusion sought by the instruction.
 {¶ 9} R.C. 1531.02 provides that the ownership of all wild animals in Ohio lies with the State. R.C. 1531.02 further provides that no person may kill a wild animal except in the time, place and manner in which the Revised Code or Division of Wildlife rules prescribe. Pursuant to Ohio Admin. Code 1501:31-15-11, the Division of Wildlife prohibited killing a deer, except with a bow and arrow, on October 22, 2002.
 {¶ 10} In this case, the State charged Monteith with taking a deer with a shotgun during archery season and with taking a deer out of season. The State did not charge Monteith with hunting without a license. Thus, the issue of whether Monteith possessed a license or needed a license on the land where he killed the deer is not relevant to questions regarding the time and manner in which he killed the deer. The relevant questions before the jury were: (1) when Monteith killed the deer in relation to the 2002 gun and archery seasons for deer; and (2) in what manner Monteith killed the deer. The jury did not need information regarding hunting license requirements to conclude that Monteith killed the deer after the gun season, during the archery season, with a gun.
 {¶ 11} Monteith also asserts that the trial court erred in refusing to instruct the jury that a landowner may kill a fur-bearing animal that is damaging his property or has become a nuisance. Again, Monteith relies upon Fenner, supra, for this statement of law. We find that this portion of Monteith's proposed instruction is neither a correct statement of law nor relevant to the facts presented to the jury in this case.
 {¶ 12} In Fenner, the court relied upon G.C. 1308 for the proposition that a person can pursue and kill, at any time, except Sunday, fur-bearing animals which are injuring his property, or which have become a nuisance. Fenner related to fox, which are "fur-bearing animals" pursuant to the definition currently contained in R.C. 1531.01(W). Deer, in contrast, are "game quadrupeds." R.C. 1531.01(V).
 {¶ 13} Moreover, even if a deer constitutes a fur-bearing animal, G.C. 1308 is no longer in effect. R.C. 1531.02 now provides that the Division of Wildlife possesses rule-making authority regarding wild animals. Ohio Admin. Code 1501:31-15-08(D) provides that a person may not take a deer during the closed season unless he applies for and receives a deer damage permit. Deer damage permits are available free of charge to persons who sustain actual and substantial property damage by deer. Ohio Admin. Code 1501:31-15-08(A). Because the Division of Wildlife now regulates the taking of deer that are damaging a landowner's property by requiring a permit, Fenner does not constitute a correct statement of law with respect to deer.
 {¶ 14} Additionally, the current law regarding killing a damaging deer is not relevant to this case. Had Monteith presented evidence that he possessed a deer damage permit, he would have been entitled to jury instructions regarding the possession of a deer damage permit as an affirmative defense to charges of taking a deer out of season. However, absent any evidence that Monteith possessed a deer damage permit, a jury instruction on the permit is not applicable to the facts of the case.
 {¶ 15} Because Monteith's requested jury instructions did not correctly state the law and did not apply to the facts of the case before the court, the trial court did not abuse its discretion in refusing to give the instructions. Accordingly, we overrule Monteith's assignment of error and we affirm the judgment of the trial court.
Judgment affirmed.
Evans, P.J. Concurs in Judgment and Opinion.
Harsha, J. Concurs in Part and Dissents in Part with Opinion.